IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82033-TJM |
| | ) | |
| MICHELLE PETRASH, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on October 19, 2009, on the Chapter 7 Trustee's Claim of Assets (Fil. #17), and an Objection by Debtor (Fil. #18). Kathryn J. Derr appeared for Debtor, and Richard D. Myers appeared as the Chapter 7 Trustee.

The § 341 meeting was held in this case on August 27, 2009. On that same date, and following the § 341 meeting, the Chapter 7 Trustee filed a document entitled "Claim of Assets and Abandonment of Assets, Request for Claims Bar Date" (Fil. #12), which document stated as follows:

COMES NOW Richard D. Myers, Trustee herein, and claims the following assets for administration in this case:

FEDERAL TAX REFUND RECEIVED POST PETITION

Trustee abandons the remaining scheduled assets as burdensome or of no value to the estate.

Trustee also requests that the Court establish a claims bar date in this case.

Thirteen days later, on September 9, 2009, the Chapter 7 Trustee filed an "Amended Claim of Assets" (Fil. #15), whereby he asserted a claim to the equity in Debtor's 2004 Toyota Sequoia. The next day, the Chapter 7 Trustee filed a withdrawal of Filing #12 (his prior Notice to Claim Assets), and filed a new notice entitled "Claim of Assets and Abandonment of Assets, and Certificate of Service" (Fil. #17). In this new filing, the Chapter 7 Trustee claimed the federal tax refund received post-petition as well as the vehicle, abandoning the remaining scheduled assets.

Debtor has objected to the Chapter 7 Trustee's withdrawal and amendment asserting that the original abandonment was final and irrevocable. Debtor cites to cases from other jurisdictions to support her position. However, Debtor's reliance upon those cases is misplaced. By the express terms of the "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" issued in this case on August 1, 2009 (Fil. #4), the abandonment of assets by the Chapter 7 Trustee is not final until 40 days after the meeting of creditors. Specifically, the bankruptcy notice provides as follows:

| | |
|---|---|
| Abandonment of Assets | Within 21 days after the § 341(a) meeting is held, the trustee will file with the court a list of property to be abandoned. If no objection to the list is filed within 40 days after the § 341(a) meeting is held, the property will be deemed abandoned without further action by the court. . . . |

Since the Chapter 7 Trustee amended his notice, withdrew his abandonment, and claimed the vehicle within 14 days after the § 341 meeting, he did so timely. The property had not yet been deemed abandoned under the terms of the notice issued by the Court.

IT IS, THEREFORE, ORDERED that the Objection to the Chapter 7 Trustee's Claim of Assets (Fil. #18) is overruled.

DATED: October 20, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  Kathryn J. Derr
  *Richard D. Myers
  United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.